# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL ALICEA,<br><br>        Plaintiff,<br><br>v.<br><br>IRON MOUNTAIN INFORMATION MANAGEMENT, LLC; and IRON MOUNTAIN INFORMATION MANAGEMENT SERVICES, INC.,<br><br>        Defendants. | Civil Action No. _____<br><br>REMOVED FROM SUPERIOR COURT OF THE STATE OF CONNECTICUT, JUDICIAL DISTRICT OF HARTFORD CIVIL ACT NO: HHD-CV22-6162870-S<br><br>December 16, 2022 |

## DEFENDANTS' NOTICE OF REMOVAL

TO:   Clerk of the Court
      United States District Court District of Connecticut
      450 Main Street
      Hartford, CT 06103

**PLEASE TAKE NOTICE** that Defendants Iron Mountain Information Management, LLC and Iron Mountain Information Services, Inc. ("Defendants"), by its attorneys and pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), hereby files this Notice of Removal with respect to the case identified as *Samuel Alicea v. Iron Mountain Information Management, LLC et al.*, (the "State Court Action"), from the Connecticut Superior Court, Judicial District of Hartford. In support of this Notice of Removal, Defendants state as follows:

**Timeliness of Removal**

1.   On November 10, 2022, Plaintiff Samuel Alicea ("Plaintiff") filed his Complaint with the Clerk of the Connecticut Superior Court, Judicial District of Hartford. On November 16, 2022, Plaintiff Samuel Alicea ("Plaintiff") served his Complaint. A true and correct copy of the

Summons and Complaint, which constitutes "all summons, pleadings, and orders" served upon Defendants in the State Court Action is attached to this Notice as "**Exhibit 1**."

2.  In his Complaint, Plaintiff alleges that Defendants wrongfully terminated his employment in violation of C.G.S. § 31-51x, which address employment-related urinalysis drug testing.  (**Exhibit 1**.)

3.  No named Defendant has filed any pleadings in the State Court Action, and there are no pending motions.

4.  Because Iron Mountain has filed this Notice of Removal within 30 days of service, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

**Basis for Removal – Diversity**

**Citizenship of the Parties**

5.  The basis for removal is diversity of citizenship under 28 U.S.C. § 1332, in that:

(a)  Plaintiff is a citizen of the State of Connecticut (Summons, p. 1; Complaint, ¶ 1);

(b)  Iron Mountain Information Services, Inc. is incorporated under the laws of Delaware, with a principal place of business and corporate headquarters in Massachusetts.  (*See* Declaration of Michael Distel, ¶¶ 7-10, attached as "**Exhibit 2**").  Iron Mountain Information Services, Inc. is thus a citizen of Delaware and Massachusetts—not Connecticut.[1]

(c)  Iron Mountain Information Management, LLC is incorporated under the laws of Delaware, with a principal place of business and corporate headquarters in Massachusetts.  (*Id*., ¶ 8).  Iron Mountain Information Management, LLC's sole member is Iron Mountain Inc., which is

---

[1] A corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. §1332(c)(1).  The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities. . .[I]n practice it should normally be the place where the corporation maintains its headquarters–provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-83 (2010).

incorporated under the laws of Delaware, with a principal place of business and corporate headquarters in Massachusetts. (*Id*., ¶ 9). Iron Mountain Information Management, LLC is therefore a citizen of Delaware and Massachusetts—not Connecticut.[2]

6. Accordingly, this action is one in which none of the parties in interest properly joined and served as defendants are citizens of the state in which the action was brought. 28 U.S.C. § 1441(b).

## Amount In Controversy

7. In addition, while Defendants deny any liability, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

8. In his Complaint, Plaintiff does not state the amount of damages he seeks.

9. However, in his Complaint, Plaintiff's prayer for damages includes, among other things, express requests for back pay and fringe benefits, front pay, attorney's fees and costs, punitive damages, and emotional distress damages. (*See* Compl., ¶¶ 29-30, Wherefore clause.) Each form of damages is proper to consider in evaluating the amount in controversy for purposes of diversity jurisdiction. *Baron v. Maxam North America, Inc.,* No. 3:11-cv-198JCH, 2012 U.S. Dist. LEXIS 52315, *8 (D. Conn. April 13, 2012) (listing back pay, emotional distress, and attorney's fees as proper for consideration in evaluating amount in controversy); *Givens v. W.T. Grant Co.*, 457 F.2 612, 614 (2d Cir. 1972). Here, factoring each form of damages, the amount in controversy is met easily.

10. Plaintiff alleges that defendants terminated his employment on September 8, 2021. (Compl., ¶ 19.) As of that date, approximately 14 months before he filed his Complaint, Plaintiff's

---

[2] *See Handelsman v. Bedford Village Assos. Ltd. Pshp.*, 213 F. 3d 48, 51 (2d Cir. 2000) ("[F]or purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership.") (Internal quotations and citations omitted).

pay rate was $26.46 per hour (an annualized rate of approximately $55,036.80 per year). (Distel Dec, ¶ 5). This means that, as of today, Plaintiff's alleged back pay damages, alone, are nearly $70,000.00. *See id*. Moreover, assuming conservatively that a trial and judgment were to enter on or around September 8, 2022—just over 8 months from now and only 2 years from the employment separation—Plaintiff's back pay damages would be approximately $110,073. *See id*. These calculations, based on Plaintiff's base hourly wage, do not account for any overtime premium that Plaintiff might have worked. In other words, the amount of back pay in controversy, alone, exceeds the jurisdictional requirement.

11. Also, the value of Plaintiff's claim for lost benefits is approximately $8,306.52 (*Id*., ¶ 6). Thus, the present-day value of Plaintiff's claims for back pay and benefits is approximately $78,306.52, which exceeds the amount in controversy requirement.

12. In light of the fact that, should he prevail, as of the filing today his economic damages (including lost fringe benefits) is at least $78,306.52, Plaintiff would not even have to seek an award of attorneys' fees to meet the jurisdictional threshold. But he does seek fees, and he would be entitled to his reasonable fees.

13. As for emotional distress damages, even garden variety awards in employment cases involving "less severe discrimination" range from $5,000 to $65,000. *See Baron*, 2012 U.S. Dist. LEXIS 52315, *9 (D. Conn., April 13, 2012) (citing *Patino vs. Birken Mfg. Co.,* No. CV-054016120-S, 2009 Conn. Super. LEXIS 1331 (May 15, 2009)). Given Plaintiff's economic damages, even an emotional distress award on the low end of this range results in an amount in controversy well above the jurisdictional threshold.

14. Finally, on December 12, 2022, Defendants' counsel asked Plaintiff's counsel if Plaintiff will stipulate that the amount in controversy is below the $75,000 jurisdictional threshold.

(*See* December 12, 2022 Email, attached as **Exhibit 3**). As of the filing of this Notice of Removal, Defendants' counsel has not received a response, thus indicating that Plaintiff refuses to so stipulate, because he acknowledges that the amount in controversy exceeds the requirement for this Court to obtain jurisdiction. (*Id.*).

15. At bottom, because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, this Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

**Venue**

16. This Notice of Removal is being filed in the United States District Court for the District of Connecticut because this is the district court in which the State Court Action is pending. 28 U.S.C. § 1441(a).

**Notice to the Superior Court and Plaintiff**

17. Pursuant to 28 U.S.C. § 1446, Defendants will file written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, with the Clerk of the Connecticut Superior Court, Judicial District of Hartford.

18. Defendants also will serve a copy of the notice filed with the Connecticut Superior Court on counsel for all adverse parties.

WHEREFORE, Defendants respectfully requests that the above-referenced civil action proceed in the United States District Court for the District of Connecticut, as an action properly removed to that court.

By filing this Notice of Removal, Defendants do not waive any defenses available at law, in equity, or otherwise.

Dated: December 16, 2022

Respectfully submitted,

IRON MOUNTAIN INFORMATION MANAGEMENT, LLC; and IRON MOUNTAIN INFORMATION MANAGEMENT SERVICES, INC.,

By: */s/ Anthony S. Califano*

Anthony S. Califano (ct27323)
SEYFARTH SHAW LLP
2 Seaport Lane, Suite 1200
Boston, MA 02210
Telephone:   (617) 946-4800
Facsimile:    (617) 946-4801
acalifano@seyfarth.com

Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL ALICEA, <br><br> Plaintiff, <br><br> v. <br><br> IRON MOUNTAIN INFORMATION MANAGEMENT, LLC; and IRON MOUNTAIN INFORMATION MANAGEMENT SERVICES, INC., <br><br> Defendant. | Civil Action No. _____ <br><br><br> December 16, 2022 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2022, true and correct copies of DEFENDANTS' NOTICE OF REMOVAL, WITH EXHIBITS, was filed electronically with the Clerk of the District Court and served upon the following counsel of record for Plaintiff Samuel Alicea at the following address via email and U.S. mail.

> James V. Sabatini
> SABATINI AND ASSOCIATES, LLC
> One Market Square
> Newington, CT 06111
> jsabatini@sabatinilaw.com

*/s/ Anthony S. Califano*
Anthony S. Califano

190106959v.3